**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

VICKI BAKER,

       Plaintiff,                  :        Case No. 3:10-cv-327

     -vs-                               Magistrate Judge Michael R. Merz

                               :

PEOPLE'S CHOICE HOME LOAN, INC.,
 et al.,

       Defendants.

**DECISION AND ORDER**

      Plaintiff Vicki Baker brought this action *pro se* to obtain damages and injunctive relief relating to the refinancing of her residential property at 909 Spring Falls Avenue in Springfield, Ohio. The case came on for hearing on Monday, August 23, 2010, on Plaintiff's request for preliminary injunctive relief to prevent a foreclosure sale set for September 3, 2010.

      A prior hearing was held on August 19, 2010, on Plaintiff's request for a temporary restraining order. Because Plaintiff had made no attempt to contact the opposing party, despite the requirements of Fed. R. Civ. P. 65, the Court on the record contacted counsel who represented Defendant DLJ, declined to recommend a TRO, and set the preliminary injunction hearing for August 23, 2010.

      At the preliminary injunction hearing, the parties on the record unanimously consented to plenary magistrate judge jurisdiction under 28 U.S.C. § 636(c) and the case has been referred on that basis (Doc. No. 10).

      No process has issued in the case. Upon the filing, the Court obtained participation from

1

Defendant DLJ Mortgage Capital, Inc. ("DLJ"), which was represented at the hearing by attorney Matthew Steele. Plaintiff gave the mortgage in question to Defendant People's Choice Home Loan, Inc., ("People's Choice") September 11, 2006; a copy is in evidence as Plaintiff's Exhibit ("PX") J . The relevant foreclosure action ("Foreclosure Action," Case No. 07-CV-243; a copy of the Complaint in that case is in evidence as PX K) was filed in the Clark County Common Pleas Court by Mr. Steele's law firm, Reisenfeld & Associates, LPA, for People's Choice on February 23, 2007. On June 25, 2007, DLJ was substituted as the plaintiff in that case[1] and is the party actively pursuing foreclosure.

Plaintiff has a pending action in the United States Bankruptcy Court for this District (Case No. 10-34031). PX A, B, and C from that case confirm that there was a bankruptcy stay under 11 U.S.C. § 362 in place (which had the effect of staying both the foreclosure sale and this case) pending a hearing on August 19, 2010, on DLJ's motion for relief from stay. However, Plaintiff confirmed in her testimony that she had not appeared for that hearing and Judge Walter's chambers confirmed that the relief from stay had been granted in her absence; a copy of the relief from stay order is attached to Doc. No. 11. Thus this Court is free to proceed and there is no bankruptcy stay to render moot the request for injunctive relief. The evidence before the Court consists of Plaintiff's Exhibits A, B, C, F, J, and K. PX G, H, and I were received as argument rather than evidence.

The factors to be considered in determining whether to issue a preliminary injunction are

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others;
> 4) Whether the public interest would be served by issuing a preliminary injunction.

---

[1]Online docket in Case No. 07-CV-243 (at http://54.56.107.134; viewed 8/19/2010; copy attached). The Court takes judicial notice of the contents of that docket.

*Nightclubs, Inc. v. City of Paducah,* 202 F.3d 884, 888 (6th Cir. 2000); *Washington v. Reno,* 35 F.3d 1093, 1099 (6th Cir. 1994); *NAACP v. City of Mansfield*, 866 F.2d 162, 166 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1985); *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The four considerations are factors to be balanced, not prerequisites that must be met. *Mich. Bell Tel. Co. v. Engler*, 257 F.3d 587, 592 (6th Cir. 2001). Although no one factor is controlling, a finding that there is no likelihood of success is usually fatal. *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

      Plaintiff's Complaint in this case (labeled "Petition") consists of twenty-four pages of claims against Defendants which recite many of the perceived improprieties in mortgage lending in the United States over the last ten years or so and a number of generic causes of action which are alleged to have arisen out of those practices. When called upon to present evidence at the hearing, however, Plaintiff said she preferred to have her documents speak for themselves. The only exhibit not already described is PX F, a copy of a Joint Resolution of the Seventy-Third Congress approved by President Roosevelt on June 5, 1933. The Court has no idea what this Resolution (or the arguments made in PX G, H, and I) have to do with the merits of Plaintiff's case as the arguments are incoherent. After the hearing, Plaintiff moved (Doc. No. 9) to strike all of her oral testimony at the hearing on the basis of mental disability and substitute her written testimony. Written unsworn testimony which has not been subjected to cross-examination must be excluded as hearsay. The Motion to Correct Errors (Doc. No. 9) is denied.

      Defendant objects to the grant of any relief in this case and has moved (Doc. No. 11, repeating an oral motion at the hearing) for the Court to dismiss the case as barred by the *Rooker-Feldman* doctrine or *res judicata*.

      When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the

3

matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

The *Rooker-Feldman* doctrine bars relitigation of claims actually raised in state-court proceedings as well as claims that are inextricably intertwined with claims asserted in those proceedings. *Catz v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998). In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc*., 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*: "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." The *Rooker-Feldman* doctrine, however, does not bar jurisdiction when the plaintiff's claim is merely "a general challenge of the state law applied in the state action," rather than a challenge to the law's application in a particular state case." *Pieper*, quoting *Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937 (6th Cir. 2002), *cert. denied,* 123 S. Ct. 887 (2003); *see also Hood v. Keller*, 341 F.3d 593 (6th Cir. 2003).

In *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), a unanimous Supreme Court decided that *Rooker-Feldman* should not be expanded to a case where there was parallel state and federal litigation, but the state court reached judgment first. Rather, ordinary preclusion doctrine under 28 U.S.C. §1738 would control. The Sixth Circuit explains in *McCormick v. Braverman*, 451 F.3d 382 (6th Cir., 2006), that for *Rooker-Feldman* to apply, in light of *Exxon Mobile*, the harm to plaintiff must flow from the state court judgment, not from actions of others in

4

obtaining that judgment. *Todd v. Weltman, Weinberg, & Reis Co., L.P.A.,* 434 F.3d 432 (6th Cir. 2006)(*Rooker-Feldman* does not apply where harm flows not from the state court judgment, but from filing a false affidavit in the state court proceeding.)  For example, it does not preclude a claim that the state court judgment was procured by fraud. *Brown v. First Nationwide Mortg. Corp.,* 2006 U.S. App. LEXIS 28077 (6th Cir. 2006).

In this case it is difficult to tell from the pleadings precisely from where Plaintiff alleges her injuries flow.  She complains of the underlying refinancing transaction between herself and People's Choice and she seeks relief which would essentially quiet title in herself free from any obligation to People's Choice or its successors in interest.  On the other hand, all of her federal claims would have been available to her as defenses in the foreclosure action.  Whether she made the claims or not, since they were available, she is barred by the final judgment in that case from raising them independently here, unless she can show some good reason why *res judicata* does not apply, which she has not yet done.

Application of *res judicata* doctrine is complicated by the state court's having declared Plaintiff a vexatious litigator under Ohio Revised Code § 2323.52.  This occurred on October 15, 2009 (Entry attached to Doc. No. 11).  The docket in the Foreclosure Action shows that this designation has been enforced against Plaintiff by refusing her filings in that case on a number of occasions since October 15, 2009.  Neither party here has briefed the questions whether a vexatious litigator designation is appropriate under Ohio law for a defendant or what impact refusing filings from a defendant, whether or not thus designated, would have on application of *res judicata* to any judgment rendered.

However, as DLJ's counsel points out, the vexatious litigator designation was sought and obtained several months after the Common Pleas Court entered the judgment of foreclosure which has resulted in the pending sheriff's sale.  That judgment has not been appealed nor is there any

5

evidence Plaintiff has availed herself of the opportunity to seek leave of court to file additional documents or to appeal from the vexatious litigator designation.[2]

On the basis of the evidence before it, this Court cannot determine definitively whether its subject matter jurisdiction is ousted by the Rooker-Feldman doctrine or whether the action is barred on the merits by *res judicata*. However, it is clear that Plaintiff has not established that it is likely she will prevail on the merits.

The Court concludes Plaintiff has established that she will probably suffer irreparable harm without injunctive relief based on the usual willingness of equity courts to treat particular pieces of real property as unique. The Court also notes that Plaintiff was permitted to file this case *in forma pauperis*, so that possible monetary remedies which might be available to other litigants are probably not available to her. In general, the Court takes judicial notice that the residential real estate mortgage market is far different today than it was when this loan was made in 2006, making it unlikely Plaintiff could obtain refinancing.

The balance of equities probably favors Plaintiff because she is seeking to preserve her residence[3]. It is impossible to tell whether the public interest favors stopping one more foreclosure sale in an area of the nation with an extraordinary burden of such sales at the present or whether, instead, the health of the residential real estate market might be boosted by rapid enforcement of mortgage obligations.

Regardless of the last three factors in the standard for preliminary injunctive relief, Plaintiff's Motion fails on the first factor: she has not shown she is likely to prevail on the merits. To the

---

[2] It also does not appear that the Common Pleas Court has ever entered an order under Ohio Revised Code § 2323.52(D)(1).

[3] Defendant's counsel alluded to Plaintiff's payment history on the loan, but offered no evidence on that point. If there were evidence supporting counsel's claim that Plaintiff has made no payments on the loan, the balance of equities would shift to favor Defendant.

contrary, Defendant seems likely to prevail on either its lack of subject matter jurisdiction or *res judicata* defense.

Accordingly, Plaintiff's requests for preliminary injunctive relief (Doc. Nos. 3, 4, 6, and 7) are denied.

August 27, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**07CV0243 PEOPLES CHOICE HOME LOAN INC vs. BAKER, VICKI M DMR**

| File Date | 02/23/2007 | Case Status | Closed | Case Status Date | 02/23/2007 |
|---|---|---|---|---|---|
| | | Case Disposition | OTHER TERMINATIONS | Case Disposition Date | 08/07/2009 |

## Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| PEOPLES CHOICE HOME LOAN INC | | Plaintiff | HERSCH JR, GAIL C | |
| DLJ MORTGAGE CAPITAL INC | | Plaintiff | CONYERS, SALLIE A | (513)322-7871 |
| | | | SWARTZ, DONALD K | (513)241-4094 |
| JOHN DOE UNKNOWN SPOUSE OF VICKI M BAKER | | Defendant | | |
| PERPETUAL FEDERAL SAVINGS BANK | | Defendant | | |
| PATRICIA WEST TRUSTEE | TRUSTEE OF THE BAKER FAMILY TRUST | Defendant | | |
| TREASURER OF CLARK COUNTY | | Defendant | HOFFMAN, WILLIAM D | (513)328-2640 |
| FORHAN, CONNIE L | | Defendant | PRO SE | |
| BAKER, VICKI M | BAKER, VICKI | Defendant | | |

## Financial Entries

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 105444 | 04/05/2010 | REISENFELD & ASSOCIATES | 550.00 |
| | Payment | | Fee |
| | CHECK    550.00 | | DEPOSIT    550.00 |
| 81669 | 02/11/2009 | REISENFELD | 5.00 |
| | Payment | | Fee |
| | CHECK    5.00 | | DEPOSIT    5.00 |
| 79106 | 12/30/2008 | VICKI BAKER | 15.00 |
| | Payment | | Fee |
| | CASH    15.00 | | COST    15.00 |
| 56959 | 11/28/2007 | VICKI BAKER | 80.00 |

| Payment | | Fee | |
|---|---|---|---|
| CASH | 80.00 | COST | 20.00 |
| | | DEPOSIT | 60.00 |

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 55622 | 10/31/2007 | WELTMAN WEINEBERG & REIS | 10.00 |

| Payment | | Fee | |
|---|---|---|---|
| CHECK | 10.00 | DEPOSIT | 10.00 |

| Receipt # | Date | Received From | Amount Paid |
|---|---|---|---|
| 29507 | 02/23/2007 | | 111.00 |

| Payment | | Fee | |
|---|---|---|---|
| CASH | 111.00 | HOLD | 111.00 |

## Docket Entries

| Date | Text |
|---|---|
| 08/05/2010 | MOTION OF PLAINTIFF TO REACTIVATE CASE FILED Attorney: GLADWELL, MATTHEW C (75591) Attorney: ROUSE, CARRIE L (83281) |
| 07/09/2010 | NOTICE OF AUTOMATIC STAY FILED |
| 05/28/2010 | CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: LEGAL REGISTRIES C/O JAMES THOMAS MCBRIDE @ PO BOX 28606 DOD 5/26/10 /S/ JAMES MCBRIDE (JAMES THOMAS MCBRIDE MAILED DOCUMENTS ON BEHALF OF DEFT AS HER TRUSTEE; WE RETURNED DOCUMENTS WITH A COPY OF THE ORDER DEEMING DEFT A VEXATIOUS LITIGATOR) |
| 05/19/2010 | LAND APPRAISEMENT FILED (05/18/2010 /$250,000.00) ************************************************** APPRAISERS: BETTY ASHCRAFT/JIM MCCUDDY/JIM CRAYCRAFT |
| 04/14/2010 | ***MAIL RECEIVED FOR FILING ON BEHALF OF DEFT WAS RETURNED PER ORDER WHEREIN DEFT WAS DECLARED A VEXATIOUS LITIGATOR IN AUGUST 2009, WHICH PROHIBITS DEFT FROM FILING DOCUMENTS WITH THE COURT |
| 04/05/2010 | REQUEST FILED ORDER OF SALE ISSUED SHERIFF OF CLARK COUNTY, OHIO |
| 04/05/2010 | ORDER OF SALE DEPOSIT Receipt: 105444 Date: 04/05/2010 |
| 03/16/2010 | ENTRY---PLTFS MOTION FOR CONTEMPT IS OVERRULED---BAKER IS PROHIBITED FROM FILING DOCUMENTS WITH THE COURT---ANYTHING RECEIVED FROM HER AT PLTFS OFFICE MAY BE DISCARDED AND HELD FOR NAUGHT |
| 02/23/2010 | MOTION FOR CONTEMPT FILED Attorney: OKRZYNSKI, SARAH A (76571) |
| 01/29/2010 | ENTRY---THE CERTIFIED MAIL RECIEVED ON 1/26/10 UNDER THE NAME OF CONNIE FORHAN BUT IN FACT PREPARED AND SIGNED BY VICKI BAKER ARE HEREBY REFUSED---MS. BAKER WAS DECLARED A VEXATIOUS LITIGATOR IN AUGUST 2009 |
| 12/23/2009 | PLNTF'S NOTICE OF FILING WITH ATTACHMENTS FILED |
| 10/26/2009 | POSTAGE FEE |
| 10/19/2009 | NOTICE OF CERTIFIED MAIL RECEIVED ON 10-19-2009 FROM VICKI BAKER UNOPENED RETURNED TO SENDER PER JUDGE RASTATTER'S PERVIOUS ORDER FILED |
| 10/15/2009 | ENTRY---PLTFS MOTIONS TO STRIKE DEFTS EMERGENCY MOTION TO VACATE JUDGMENT, DEFTS NOTICE OF RIGHT TO CANCEL AND AFFIDAVIT OF NOTARY PRESENTMENT ARE SUSTAINED---PLTFS REQUEST FOR SANCTIONS AGAINST DEFT VICKI BAKER IS OVERRULED---PLTFS MOTION TO DEEM DEFT VICKI MARIE BAKER A VEXATIOUS LITIGATOR IS SUSTAINED |
| 09/14/2009 | NOTICE OF EMERGENCY NOTICE FILED |
| 09/10/2009 | MOTION OF PLTF TO STRIKE DEFTS NOTICE OF RIGHT TO CANCEL AND AFFIDAVIT OF NOTARY PRESENTMENT FILED Attorney: CONYERS, SALLIE A (74810) |
| 08/31/2009 | DEFT VICKI BAKERS NOTICE OF RIGHT TO CANCEL WITH ATTACHMENTS FILED |
| 08/28/2009 | PLTFS MOTION TO DECLARE DEFENDANT A VEXATIOUS LITIGATOR FILED Attorney: CONYERS, SALLIE A (74810) |

08/28/2009 PLTFS MEMORANDUM IN OPPOSITION AND MOTION TO STRIKE DEFTS EMERGENCY MOTION TO VACATE JUDGMENT FILED Attorney: CONYERS, SALLIE A (74810)
08/18/2009 LETTER FROM VICKI M BAKER REGARDING CERTIFICATE OF SERVICE PERTAINING TO EMERGENCY MOTION TO VACATE WITH ATTACHMENTS FILED
08/07/2009 JUDGMENT ENTRY/DECREE & FORECLOSURE---JUDGMENT IN FAVOR OF PLTF AND AGAINST VICKI M BAKER IN THE SUM OF $320,000.00 PLUS INTEREST AND COSTS --- FORECLOSURE---ORDER OF SALE ISSUED---SHERIFF TO REPORT PROCEEDINGS TO THE COURT
07/30/2009 DEFTS FINAL DEMAND FOR PAYMENT FILED Attorney: PRO SE (PRO)
07/28/2009 MOTION OF PLTF TO STRIKE DEFTS DEMAND FOR PAYMENT AND REQUEST FOR ATTORNEY FEES FILED Attorney: CONYERS, SALLIE A (74810)
07/27/2009 DEFT PATRICIA A WESTS NOTICE AND DECLARATION OF REVOCATION OF POWER OF ATTORNEY AND NOTICE AND DECLARATION OF FRAUD AND NOTICE TO CEASE AND DESIST FILED
07/23/2009 AFFIDAVIT OF TROY NOBLE IN SUPPORT OF PLTFS COMPLAINT WITH EXHIBITS FILED
07/23/2009 FINAL JUDICIAL REPORT FILED
07/23/2009 NOTICE OF FILING AFFIDAVIT REGARDING LOST OR MISPLACED ASSIGNMENT FILED
07/23/2009 NOTICE OF FILING ASSIGNMENT OF NOTE FILED
07/23/2009 MOTION OF PLTF FOR SUMMARY JUDGMENT WITH MEMORANDUM FILED Attorney: COX, DANIEL A (76469)
07/23/2009 MOTION OF PLTF FOR DEFAULT JUDGMENT AND DECREE IN FORECLOSURE WITH ATTACHMENT FILED Attorney: COX, DANIEL A (76469)
06/25/2009 NOTICE OF DEFT VICKI M BAKERS DEMAND FOR PAYMENT FILED
06/17/2009 ANSWER OF DEFENDANT VICKI M BAKER TO PLTFS MOTION FILED
06/16/2009 PLTFS MOTION TO STRIKE DEFTS AFFIDAVIT OF NEGATIVE AVERMENT, OPPORTUNITY TO CURE, AND COUNTERCLAIM FILED Attorney: CONYERS, SALLIE A (74810)
06/08/2009 DEFTS AFFIDAVIT OF NEGATIVE AVERMENT, OPPORTUNITY TO CURE AND COUNTERCLAIM FILED Attorney: PRO SE (PRO)
05/29/2009 ORDER---MOTION OF PLTF TO STRIKE DEFT, VICKI BAKER'S: NOTICE OF REVOCATION OF POWER OF ATTORNEY; NOTICE OF REMOVAL AND NOTICE OF RIGHT TO CANCEL IS HEREBY GRANTED
05/28/2009 PLTFS MOTION TO STRIKE FILED Attorney: CONYERS, SALLIE A (74810)
05/12/2009 ENTRY---MOTION OF DEFT, VICKI, M BAKER, FOR THE COURT TO PREPARE AND FILE FEDERAL TAX FORM 1099-OID IS OVERRULED
05/06/2009 ENTRY---MOTION OF DEFT, VICKI M BAKER, FOR RELEASE OF PERSONAL PROPERTY FROM ESCROW IS HEREBY OVERRULED
05/05/2009 DEFT VICKI M BAKERS NOTICE OF REVOCATION OF POWER OF ATTORNEY FILED
05/05/2009 DEFT VICKI M BAKERS NOTICE OF RIGHT TO CANCEL FILED
05/05/2009 DEFT VICKI M BAKERS NOTICE OF REMOVAL FILED
04/29/2009 DEFT VICKI MARIE BAKER NOTICE OF RELEASE OF PERSONAL PROPERTY FROM ESCROW WITH ATTACHMENTS FILED
04/24/2009 ENTRY---MOTION OF PTLF TO STRIKE 3 AFFIDAVITS OF DEFT, VICKI BAKER, PREVIOUSLY FILED HEREIN ON 3/18/09 IS HEREBY SUSTAINED AND THE AFFIDAVITS ARE STRICKEN, IN THEIR ENTIRETY, FROM THE RECORD
04/16/2009 PLTFS MOTION TO STRIKE FILED Attorney: CONYERS, SALLIE A (74810)
03/12/2009 ENTRY---DEFT, PATRICIA WEST, IS HEREBY GRANTED AN ADDTL 28 DAYS FROM THIS ENTRY, IN WHICH TO ANSWER, MOVE OR PLEAD
03/10/2009 REQUEST BY DEFT, PATRICIA WEST, FOR ADDITIONAL TIME FILED Attorney: PRO SE (PRO)
02/13/2009 CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: PATRICIA WEST TRUSTEE AT 2506 HILLTOP AVE DOD 2/12/09 /S/ RAY E WEST
02/11/2009 POSTAGE FEE
02/11/2009 REQUEST FILED AND SUMMONS WITH COPY OF COMPLAINT AND ACCOMPANY DOCUMENTS ISSUED BY CERT MAIL FOR SERVICE UPON DEFT PATRICIA WEST TRUSTEE @ 2506 HILLTOP AVE SPRINGFIELD OH 45502 FILED
02/11/2009 ADDITIONAL SERVICE DEPOSIT Receipt: 81669 Date: 02/11/2009
02/05/2009 AFFIDAVIT FOR SERVICE BY PUBLICATION FILED.
01/12/2009 ENTRY---DEFTS MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM IS OVERRULED
12/30/2008 RELEASE ON PROPERTY FILED Receipt: 79106 Date: 12/30/2008
12/23/2008 NOTICE OF RELEASE OF PERSONAL PROPERTY FROM ESCROW FILED
11/26/2008 NOTICE OF PLTF MERS'S MEMORANDUM IN OPPOSITION TO DEFT VICKI M BAKERS MOTION TO LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM FILED

| Date | Entry |
|---|---|
| 10/29/2008 | ORDER---PLTF GRANTED LEAVE OF 30 DAYS, IN WHICH TO RESPOND TO DEFT, VICKI M BAKERS, MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM Receipt: 79106 Date: 12/30/2008 |
| 10/28/2008 | MOTION FOR LEAVE TO RESPOND TO DEFT VICKI M BAKERS MOTION FOR LEAVE TO FILE AMENDED ANDWER AND COUNTERCLAIM FILED Attorney: CONYERS, SALLIE A (74810) |
| 10/08/2008 | JUDICIAL NOTICE IN THE NATURE OF WRIT OF ERROR CORAM NOBIS & A DEMAND FOR STATE THE JURISDICTION FILED |
| 09/29/2008 | NOTICE OF PLAINTIFFS RESPONSE TO DEFT VICKI M BAKERS REQUEST FOR PRODUCTION OF DOCUMENT FILED |
| 09/29/2008 | PLAINTIFFS NOTICE OF COMPLIANCE WITH DEFTS REQUEST AND DOCUMENTS FILED |
| 09/29/2008 | PLAINTIFFS NOTICE OF SUBTITUTION OF COUNSEL FOR THE PLAINTIFF FILED |
| 09/19/2008 | NOTICE OF DEFTS REQUEST FOR PRODUCTION OF DOCUMENT OF PLAINTIFF DLJ MORTGAGE CAPITAL INC FILED |
| 09/19/2008 | NOTICE OF DEFTS REQUEST FOR PRODUCTION OF DOCUMENT OF PLAINTIFF DOVENMUEHLE MORTGAGE INC FILED |
| 09/19/2008 | NOTICE OF DEFTS REQUEST FOR PRODUCTION OF DOCUMENT OF PLAINTIFF CREDIT SUISSE, C/O SELECT PORTFOLIO SERVICNG INC FILED |
| 09/19/2008 | NOTICE OF DEFTS REQUEST FOR PRODUCTION OF DOCUMENT OF PLAINTIFF SELECT PORTFOLIO SERVICING FILED |
| 07/09/2008 | DEFT VICKI M BAKER'S NOTICE OF RESCISSION OF SIGNATURES FILED |
| 05/27/2008 | NOTICE OF DEFT VICKI M BAKER AS TO DISMISSING HER ATTORNEY FILED |
| 04/29/2008 | ENTRY---MOTION OF PLTF TO STRIKE VICKI M BAKERS SECOND ANSWER AND COUNTERCLAIM FILED HEREIN ON 7/24/07 IS SUSTAINED; THEY WERE FILED OUT OF TIME AND WITHOUT LEAVE FROM THE COURT Receipt: 79106 Date: 12/30/2008 |
| 04/10/2008 | ENTRY OF APPEARANCE OF BERTRAND R PULIGANDLA AS CO-COUNSEL FOR DEFT VICKI M BAKER FILED |
| 04/10/2008 | MOTION OF DEFT VICKI M BAKER FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM WITH MEMORANDUM FILED Attorney: FULIGANDLA, BERTRAND R (61140) |
| 04/10/2008 | POSTAGE FEE - RETURN COPIES Receipt: 79106 Date: 12/30/2008 |
| 03/31/2008 | MOTION OF SUBSTITUTE PLAINTIFF TO STRIKE AND MOTION FOR LEAVE TO FILE A REPLY TO COUNTERCLAIM WITH MEMORANDUM AND EXHIBIT FILED Attorney: SWARTZ, DONALD K (68431) |
| 03/18/2008 | AMENDED NOTICE OF SUBSTITUTION OF COUNSEL FOR SUBSTITUTE PLAINTIFF DLJ MORTGAGE CAPITAL INC FILED |
| 03/07/2008 | NOTICE OF SUBSTITUTION OF COUNSEL FOR PLAINTIFF FILED |
| 01/02/2008 | ENTRY---IT IS ORDERED THAT PLTF IS HEREBY GRANTED A 30 DAY EXTENSION IN WHICH TO FILE AN ANSWER TO THE COUNTERCLAIM OF DEFT, CONNIE L FORHAN AND ANY ANSWER TO SAID COUNTERCLAIM FILED HEREWITH IS DEEMED TIMELY AND FILED INSTANTER Receipt: 79106 Date: 12/30/2008 |
| 01/02/2008 | PLAINTIFF'S ANSWER TO COUNTERCLAIM OF DEFT CONNIE L FORHAN FILED |
| 01/02/2008 | MOTION OF PLAINTIFF FOR LEAVE TO ANSWER COUNTERCLAIM FILED Attorney: HERSH JR, GAIL C (58654) |
| 12/06/2007 | ENTRY---VERIFIED MOTION OF DEFT FOR DEFAULT JUDGMENT ON HER COUNTERCLAIM IS OVERRULED AS PER REASONS SET FORTH IN ENTRY Receipt: 79106 Date: 12/30/2008 |
| 11/28/2007 | ANSWER OF DEFENDANT CONNIE FORHAN AND COUNTER CLAIM WITH EXHIBITS FILED |
| 11/28/2007 | CROSS CLAIM DEPOSIT Receipt: 56959 Date: 11/28/2007 |
| 11/28/2007 | CROSS CLAIM FILED |
| 11/05/2007 | FAILURE OF SERVICE NOTICE ISSUED TO ATTORNEY GAIL C HERSCH JR FAILURE OF SERVICE Sent on: 11/06/2007 09:39:17 Receipt: 56959 Date: 11/28/2007 |
| 11/05/2007 | CERTFIED MAIL ENVELOPE RETURNED FOR: CONNIE L FORHAN ATTEMPTED NOT KNOWN 2650 E HIGH ST SPT 51 SPFLD OH |
| 11/02/2007 | CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: CONNIE FORHAN 11/01/07 /S/ CONNIE FORHAN 225 DELCOURT RD SPFLD OH |
| 10/31/2007 | POSTAGE FEE Receipt: 56959 Date: 11/28/2007 |
| 10/31/2007 | REQUEST FILED AND SUMMONS WITH COPY OF COMPLAINT AND ACCOMPANY DOCUMENTS ISSUED BY CERT MAIL FOR SERVICE UPON *** CONNIE L FORHAN AT 2650 E HIGH AND 225 DELCOURT Receipt: 56959 Date: 11/28/2007 |
| 10/31/2007 | ADDITIONAL SERVICE DEPOSIT Receipt: 55622 Date: 10/31/2007 |
| 10/26/2007 | DEFT VICKI BAKER'S VERIFIED MOTION FOR ENTRY OF DEFAULT UPON COUNTERCLAIMS FILED Attorney: PRO SE (PRO) |
| 10/26/2007 | NOTICE OF DEFT VICKI BAKER OF CERTIFICATE OF MAILING OF TRUE AND EXACT COPY OF SECOND ANSWER AND COUNTER CLAIM FILED |
| 07/24/2007 | NOTICE OF DEFT VICKI BAKER OF CERTIFICATE OF MAILING OF SECOND ANSWER AND |

```
              COUNTER CLAIM FILED
07/24/2007    SECOND ANSWER OF DEFENDANT VICKI BAKER AND COUNTER PETITION TO CANCEL NOTE
              AND DEED OF TRUST FOR FRAUD USURY MATERIAL MISREPRESENTATION FRAUD IN THE
              INDUCEMENT FRAUD IN THE FACTUM LACK OF ADEQUATE CONSIDERATION CLAIM IN
              RECOUPMENT AND QUIET TITLE AGAINST ALL KNOWN AND DECLARATORY JUDGMENT AND
              NOTICE UNDER THE FAIR DEBT COLLECTIONS PRACTICES ACT FILED Attorney: PRO SE
              (PRO)
06/25/2007    ENTRY---UPON MOTION, CONNIE L FORHAN IS HEREBY MADE A PARTY DEFT----PLTF TO
              SERVE DEFT WITH COPY OF THIS ENTRY AND COMPLAINT FORTHWITH
06/25/2007    ORDER---UPON MOTION, DLJ MORTGAGE CAPITAL INC IS HEREBY SUBSTITUTED FOR
              PEOPLES CHOICE HOME LOANS INC AS PLTF IN THIS ACTION
06/18/2007    PLNTF'S MOTION FOR SUBSTITUTION OF PARTY PLNTF FILED
06/18/2007    PLNTF'S MOTION TO ADD PARTY DEFT FILED
06/04/2007    ENTRY---IT IS HEREBY ORDERED THAT ANSWER OF DEFT, VICKI M BAKER, FILED HEREIN
              ON 5/4/07, IS HEREBY STRICKEN AND DEFT IS HEREBY IN DEFAULT OF ANSWER
06/04/2007    ENTRY---PLTF IS HEREBY GRANTED AN EXTENSION OF 30 DAYS IN WHICH TO ANSWER
              DEFTS COUNTERCLAIM
06/01/2007    PLAINTIFFS MOTION FOR LEAVE TO ANSWER COUNTERCLAIM FILED
06/01/2007    PLAINTIFFS ANSWER TO COUNTERCLAIM OF DEFENDANT FILED
06/01/2007    PLAINTIFFS MOTION TO STRIKE DEFENDANTS ANSWER AND COUNTER CLAIM FILED
05/31/2007    ENTRY---PLTF IS HEREBY GRANTED AN EXTENSION OF 30 DAYS IN WHICH TO FILE ANSWER
              TO DEFTS COUNTERCLAIM
05/30/2007    PLNTF'S NOTICE OF SUBSTITUTION OF COUNSEL FILED
05/04/2007    ANSWER AND COUNTERCLAIM OF DEFT VICKI BAKER WITH EXHIBITS FILED
04/11/2007    ENTRY---DEFT, VICKI M BAKER AKA VICKI BAKER, IS HEREBY GRANTED UNTIL 5/10/07, TO
              MOVE OR PLEAD---NO FURTHER EXTENSIONS WILL BE GRANTED
04/02/2007    ANSWER OF DEFT PERPETUAL FEDERAL SAVINGS BANK AS TO NOT SHOWING AN
              INTEREST IN THE PREMISES IN QUESTION FILED
03/15/2007    MOTION OF DEFENDANT VICKI M BAKER FOR ADDITIONAL TIME FILED
03/12/2007    AFFIDAVIT FOR SERVICE BY PUBLICATION FILED.
03/09/2007    ANSWER OF DEFT STEPHEN T. METZGER CLARK CO. TREASURER FILED
03/07/2007    RETURN OF PERSONAL SERVICE RECEIVED BY THE TREASURER OF CLARK COUNTY, OHIO
              BY SIGNING FOR SAME - DATE OF DELIVERY: 03/05/07
03/05/2007    SUMMONS RETURNED ENDORSED AS FOLLOWS: PROCESS SERVER RETURN CORPORATE
              SERVICE ON PERPETUAL FEDERAL SAVINGS BANK AT 120 NORTH MAIN ST ON 3/1/07
03/02/2007    CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: PERPETUAL FEDERAL SAVINGS DOD
              2/28/07 /S/ F BEER
03/02/2007    SUMMONS RETURNED ENDORSED AS FOLLOWS: PROCESS SERVER RETURN PERSONAL
              SERVICE ON VICKI M BAKER AND RESIDENTIAL SERVICE ON JOHN DOE UNK SPOUSE AT 909
              SPRING FALLS AVE ON 2/28/07
03/01/2007    CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: JOHN DOE UNK SP OF VICKI M BAKER
              DOD 2/28/07 /S/ VICKI BAKER 909 SPRING FALLS AVE
03/01/2007    CERTIFIED MAIL RECEIPT RETURNED SIGNED FOR: VICKI M BAKER DOD 2/28/07 /S/ VICKI
              BAKER 909 SPRING FALLS AVE
02/26/2007    ORDER---PLTFS MOTION TO APPOINT PROCESS SERVER IS GRANTED--- AMANDA WILLIAMS
              OF PROVEST LLC IS HEREBY APPOINTED AS PROCESS SERVER IN THE ABOVE CAPTIONED
              CASE.
02/26/2007    ORDER---PLTFS MOTION TO APPOINT PROCESS SERVER IS GRANTED--- RICHARD SHOUP
              OF PROVEST LLC IS HEREBY APPOINTED AS PROCESS SERVER IN THE ABOVE CAPTIONED
              CASE.
02/23/2007    ****** CONVERTED OPEN ITEMS AS OF 07/06/07 ****** $111.00 Party from: REIMER LORBER &
              ARNOVITZ
02/23/2007    REQUEST FILED AND SUMMONS WITH COPY OF COMPLAINT AND ACCOMPANYING
              DOCUMENTS ISSUED BY CERT MAIL FOR SERVICE UPON ALL DEFT EXCEPT
              TREASURER/PERSONAL ALSO PROCESS SERVER (ISSUED 2-27-07)
02/23/2007    COMPLAINT WITH NOTICE AND EXHIBITS FILED PRELIMINARY JUDICIAL REPORT FILED
              PLANTIFFS MOTION TO APPOINT PROCESS SERVER RICHARD SHOUP FILED PLANTIFFS
              MOTION TO APPOINT PROCESS SERVER AMANDA WILLIAMS FILED
01/01/1900    B36959 25.74 20070223 1 LA LJR/NEW CASE
01/01/1900    B36959 111.00 20070223 1 DR LJR/NEW CASE
01/01/1900    B36959 50.00 20070223 1 CW LJR/NEW CASE
01/01/1900    B36959 25.00 20070223 1 JM LJR/NEW CASE
01/01/1900    B36959 60.00 20070223 1 CM LJR/NEW CASE
```

```
01/01/1900 B36959 3.00 20070223 1 CR LJR/NEW CASE
01/01/1900 B36959 .26 20070223 1 CL LJR/NEW CASE
```