**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

VICKI BAKER,

       Plaintiff,       :       Case No. 3:10-cv-327

   -vs-       Magistrate Judge Michael R. Merz

       :

PEOPLE'S CHOICE HOME LOAN, INC.,
 et al.,

       Defendants.

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

This case is before the Court on Motion to Dismiss of Defendant DLJ Mortgage Capital (Doc. No. 14) to which Plaintiff has timely responded (Doc. No. 16).

Defendant DLJ seeks dismissal on the grounds that this Court's jurisdiction is ousted by the *Rooker-Feldman* doctrine or, in the alternative, that Plaintiff's claims are barred by *res judicata*. The Supreme Court's decision in *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), supplies current doctrine for distinguishing these two doctrines. Basically, if a plaintiff is alleging that her injuries flow from a judgment entered in a state court, her action in federal district court is essentially an appeal barred by *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983). On the other hand, there is no such bar if a plaintiff is attacking generally the state law applied in a state court case in which she was involved. In practice this means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction. *Pieper v. American Arbitration Assn., Inc.*, 336 F.3d 458 (6th Cir. 2003)(Moore, J.), quoting *Catz*

*v. Chalker,* 142 F.3d 279, 293 (6th Cir. 1998): "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Conversely, where the state court has proceeded to judgment in parallel proceedings, *res judicata* doctrine is to be applied. *Exxon Mobil, supra.*

The Court concludes that Plaintiff is complaining of the effect of the Common Pleas judgment in foreclosure and that what she seeks is injunctive relief from that judgment. Under those circumstances, this Court is barred from exercising jurisdiction over her Complaint by the *Rooker-Feldman* doctrine. Because subject matter jurisdiction is a threshold issue, the Court cannot technically consider Defendant DLJ's arguments in the alternative. That is to say, *res judicata* would be a bar on the merits, but a federal court without subject matter jurisdiction cannot consider the merits of a case and may not assume subject matter jurisdiction *arguendo* to reach the merits. *Patterson v. Haskins,* 470 F.3d 645 (6th Cir. 2006), *citing Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-101 (1998).

Plaintiff complains that the Court has improperly converted the Motion to Dismiss to one for summary judgment. The Court has not done so. Rather, the Motion to Dismiss is decided under Fed. R. Civ. P. 12(b)(1) rather than Fed. R. Civ. P. 56 and without considering the attachments to the Motion.

Because *Rooker-Feldman* bars jurisdiction, the Clerk will enter judgment dismissing the Complaint without prejudice as to both Defendants for lack of subject matter jurisdiction. Although Defendant Peoples' Choice has not been served or appeared, the Court is bound to consider absence of subject matter jurisdiction *sua sponte* as to it.

If this decision is appealed, the Court notes for the benefit of the Court of Appeals that if it had subject matter jurisdiction, it would uphold Defendant DLJ's *res judicata* defense for the

2

reasons set forth in its Motion to Dismiss and upon the authority related to *res judicata* set forth in the Court's Decision and Order denying preliminary injunctive relief.

October 4, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
